STRONG *et al.* v. HAMILTON, *Appellant.*

Division Two, June 14, 1898.

Account: JUDGMENT: ATTORNEY'S FEES. Where both sides in a suit on an account tried the case on the theory that plaintiff was entitled to a judgment, but differed only as to the amount, and the amount allowed by the jury was clearly meant to be in addition to a judgment in another case, the judgment will be affirmed.

*Appeal from Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

AFFIRMED.

*James F. Pitt* for appellant.

(1)  Plaintiffs' claim for fees in *Hamilton v. Armstrong* was adjudicated in the allowance. The statute, section 7182, providing for the allowance of attorney's fees in partition, does not contemplate that attorneys shall sue their clients for an additional sum if dissatisfied with an allowance made. Besides this, the special agreement here showed upon its face and expressly provided that plaintiff's services of every character in the partition case were to be paid for solely by an allowance.

*C. A. Mosman* and *Vinton Pike* for respondents.

SHERWOOD, J.—Action by plaintiffs to recover of defendant for legal services rendered him as attorney in certain suits in which plaintiffs appeared for defendant as counsel in that litigation. A portion of the litigation was adversary in its character, being a proceeding to set aside a deed conveying certain land, and a portion for partition of that land.

An allowance was made by the circuit court in *Hamilton v. Armstrong*, 120 Mo. 597, for $12,000, but on occurrence of the reversal of the judgment in that case, this allowance fell with it. After that a second allowance was made for attorneys' fees as follows: "It is therefore ordered and adjudged by the court that the said attorneys, Strong & Mosman, and Lancaster, Hall & Pike, be and they are hereby allowed the sum of five thousand dollars for their services rendered in the partition branch or portion of this cause, nothing being asked as costs in the proceeding or allowed on account of services rendered by said attorneys in the attempt of plaintiff to set aside the deed of John L. Hamilton, set up in the answer of defendant herein, and attacked in the petition and application. And it is further ordered that the said fee hereby allowed be taxed and paid as other costs in the case."

The petition sets forth the commencement, progress and termination of said suits, their object, and the purpose of the defendant herein in prosecuting them, and says: "That the deeds purporting to have been made by John L. Hamilton were part of one transaction, and the same issues were involved in both cases; that testimony taken in either was admissible in the other case," and the services sued for "were rendered at defendant's instance and requests in

furtherance of his common object and purpose to set aside said deeds, and to admit defendant to the inheritance as heir of said John, as claimed by him." The entire service is alleged to be worth $15,000; that $5,000 had been taxed as costs in the partition suit, leaving $10,000 due, for which judgment is prayed.

The answer of defendant is the following: "Comes now the defendant and for his answer denies that the services of the plaintiffs were worth fifteen thousand dollars, and that the balance due them is ten thousand dollars. Further answering defendant says that he stands indebted to plaintiffs on account of said services in the sum of one thousand dollars, which said sum he here brings into court together with all costs in this behalf, and having fully answered prays to be discharged." This answer was most clearly an admission that plaintiffs were entitled to recover for their services; the only point in dispute was the *amount* thereof.

Upon the part of plaintiffs the court gave this instruction: "The defendant admits that the plaintiffs rendered him the services sued for, and at his instance and request, and that he owes them one thousand dollars on account thereof, and your verdict must be for plaintiffs in any event for at least one thousand dollars, and, if you find from the evidence their services were worth more than one thousand dollars exclusive of their services in the partition branch of the suit of *Hamilton v. Armstrong*, your verdict should be for such sum in addition as you find said services to be worth, not exceeding ten thousand." On behalf of defendant, the following was given: "The court instructs the jury that plaintiffs are entitled to recover for their services detailed in evidence a reasonable sum as compensation for the same, and that in estimating the value of the same they are not concluded by the

testimony of experts, but are to consider all the testimony in the case, including that of the attorneys or experts who have testified and from all the evidence find what would be such reasonable sum." Under these instructions the jury returned a verdict for $6,500.

Though the defendant objected and excepted to the instruction given at the instance of plaintiffs, he made no point on it in his brief, nor could he well do so, seeing that his own instruction was drawn on the same theory. The judgment rendered in the Hamilton-Armstrong case, a part of which has been quoted, shows plainly that there was no allowance made plaintiffs for anything, as the judgment itself recites, but "for their services rendered in the partition branch or portion of this cause, nothing being asked as costs in this proceeding or allowed on account of services rendered by said attorneys in the attempt of plaintiff to set aside the deed of John L. Hamilton," etc.

Finding no error in the record, we affirm the judgment. All concur.